Robert W. Norman (SBN 025328)
bnorman@houser-law.com
Solomon S. Krotzer (SBN 027985)
skrotzer@houser-law.com
HOUSER LLP
4435 E. Chandler Blvd., Suite 200
Phoenix, Arizona 85048
Telephone: (949) 679-1111
Facsimile: (949) 679-1112

Attorneys for Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Mitchell Steven Gardina,<br><br>  Plaintiff,<br><br>  vs.<br><br>Bayview Residential Capital, LLC; Blue Water Capital, LLC; Community Loan Servicing, LLC; Lakeview Loan Servicing, LLC; M&T Bank; Mr. Cooper; Mr. Cooper Group, Inc.; Mr. Cooper Group a/k/a Nationstar Mortgage LLC; Mr. Cooper Group d/b/a Community Loan Servicing; Mr. Cooper Group d/b/a Nationstar Mortgage; Mr. Cooper Home Loans; Nationstar Mortgage Holdings, LLC; Nationstar Mortgage, LLC; Nationstar Reverse Mortgage Funding, LLC; and Quality Loan Service Corporation<br><br>  Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>[Removal from Superior Court of Arizona, County of Maricopa, Case No. CV2023-091287] |

PLEASE TAKE NOTICE that Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar") hereby removes this action from Superior Court of Arizona in Maricopa County, Arizona to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1441(a), 1367 and 1446.

1
NOTICE OF REMOVAL

The grounds for removal are as follows:

## I. Introduction

This matter involves allegations that Nationstar – and the other named defendants – allegedly violated the following federal statutes: 15 U.S.C. § 78ff(a), 26 U.S.C. § 61, 18 U.S.C. § 152, 18 U.S.C. § 153, 18 U.S.C. § 156, 18 U.S.C. § 246, 18 U.S.C. § 287, 18 U.S.C. § 657, 18 U.S.C. § 661, 18 U.S.C. 1348, 15 U.S.C. § 1348, 18 U.S.C. § 1342. Therefore, this Court has original jurisdiction. See Civil Complaint, Pgs. 6-9 ("Applicable Law Supporting Claims") included in **Exhibit A**. Since the majority of allegations concern federal statutes, this Court should also exercise supplemental jurisdiction over the last two statutes alleged to have been violated which are Arizona statutes related to the trustee's sale A.R.S. § 33-808(A) and 33-808(E). *Id.*

## II. Statutory and Procedural Requirements

1. On April 3, 2023 Plaintiff Mitchell Steven Gardina ("Plaintiff") filed a complaint in the Superior Court of the State of Arizona, In and For The County of Maricopa (Case No. CV2023-091287) against Defendant (the "Complaint").

2. Defendant Nationstar was served on April 21, 2023.

3. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

4. Removal of this action is authorized by 28 U.S.C. § 1441(a).

5. This Notice of Removal is timely filed as it is filed within thirty (30) days after Defendants received service of a copy of the Summons and Complaint upon which removal is based. *See* 28 U.S.C. § 1446(b).

6. After the filing of this Notice of Removal, Defendant will promptly give written notice of this removal with the Clerk of the State Court in which the action is currently pending and to all adverse parties pursuant to 28 U.S.C. § 1446(d).

7. Pursuant to LRCiv 3.6(b), legible copies of records and proceedings from the state court action that Defendant is aware of and/or has access to are attached as **Exhibit A**. Please note that the docket reflects a motion to dismiss and other filings that Defendant does not have access to at this time and Defendant will supplement.

8. Pursuant to LRCiv 3.6(d) review of the docket shows a pending motions to dismiss filed by defendants Quality Loan Service Corporation and M&T Bank. A true and correct copy of the court docket, along with the motion to dismiss filed by Quality Loan Service Corporation, is attached as **Exhibit A**.

9. This Notice of Removal is filed subject to and with full reservation of rights. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

**III.  Federal Question Jurisdiction**

10. 28 U.S.C. § 1331 states in pertinent part: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

11. 28 U.S.C. § 1441 states in pertinent part: "…any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

12. Here, Plaintiff alleges violations of the following statutes: 15 U.S.C. § 78ff(a), 26 U.S.C. § 61, 18 U.S.C. § 152, 18 U.S.C. § 153, 18 U.S.C. § 156, 18 U.S.C. § 246, 18 U.S.C. § 287, 18 U.S.C. § 657, 18 U.S.C. § 661, 18 U.S.C. 1348, 15 U.S.C. § 1348, 18 U.S.C. § 1342. See **Exhibit A**, pgs. 6-9 ("Applicable Law Supporting Claims"). In addition, Plaintiff seeks damages pursuant to 18 U.S.C. § 246 and "federal" COVID-19 relief programs. See **Exhibit A**, pg. 10. Plaintiff seeks statutory damages pursuant to 18 U.S.C. § 78ff(a).

13. Therefore, this Court has original jurisdiction over these claims.

**IV.  Supplemental Jurisdiction Over State Law Claims**

14. 28 U.S.C. § 1367 states in pertinent part: "…in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

15. Here, there are two Arizona statutes cited in the Complaint. Specifically, A.R.S. § 33-808(A) and A.R.S. § 33-808(E). These claims are clearly related to the federal claims because all claims appear to stem from alleged wrongdoing pertaining to the trustee's sale. The state court statutes are only referred to on Page 9 of the Complaint whereas the rest of the Complaint focuses on the alleged violations of federal statutes and damages that are allegedly recoverable pursuant to the federal statutes cited. Finally, it is worth noting that the trustee's sale has already taken place. Therefore, the applicability of these statutes appears minimal to this case based on the Complaint.

16. Therefore, this Court has supplemental jurisdiction over the entire Complaint.

V. **Status of Co-Defendants**

17. Undersigned counsel has been able to reach counsel for Defendants Bayview Residential Capital, LLC, Community Loan Servicing, LLC and Quality Loan Service Corporation, and undersigned counsel confirmed that these defendants consent to removal. Undersigned counsel reached out to counsel of record for Defendant M&T Bank and Blue Water Capital LLC and no response was received. As far as Defendant is aware, no other defendants have appeared in the action or are otherwise represented by counsel.

WHEREFORE, Defendant prays that the above action be removed to this Court.

Respectfully submitted by:
**HOUSER LLP**

/s/ *Solomon S. Krotzer*
Robert W. Norman, Jr.
Solomon S. Krotzer
Attorney for Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2023, a true copy of the foregoing was filed with the Court's electronic filing system and served via U.S. First Class Mail to the following:

Mitchell Steven Gardina
PO Box 20873
Mesa, Arizona 85277-0873
*Plaintiff (pro se)*

Robert Riether
Wright Finlay & Zak, LLP
7785 W Sahara Ave Ste 200
Las Vegas, NV 89117-2789
bobby.riether@gmail.com
*Attorneys for M&T Bank*

Melissa Robbins Coutts, Esq.
McCarthy & Holthus, LLP
8502 E. Via de Ventura, Suite 200
Scottsdale, Arizona 85258
mecoutts@mccarthyholthus.com
*Attorneys for Quality Loan Service Corporation*

Ian R. Rambarran
Nicole Pelcic
Klinedsint Attorneys
2 Park Plaza
Suite 1250
Irvine, CA 92614
*Attorneys for Bayview Residential LLC*
*and Community Loan Servicing, LLC*

Gregory Grandsmont
Lane & Nach PC
2001 E. Campbell Avenue
Suite 103
Phoenix, AZ 85016-5573
*Attorneys for Blue Water Capital, LLC*

*/s/ Courtney Hershey*
Courtney Hershey